UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA           :

       - v. -                                          :                 13 Cr. 582 (RPP)

ANDRE CALIX,                              :

            DEFENDANT.         :

-----------------------------------------------------------------x

# REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S PRETRIAL MOTIONS

                                         Federal Defenders of New York
                                         Attorney for Defendant
                                         **Andre Calix**
                                         52 Duane Street, 10th Floor
                                         New York, New York 10007
                                         Tel.: (212) 417-8772

                                         **Sarah Baumgartel, Esq.**
                                            Of Counsel

TO:   PREET BHARARA, ESQ.
        United States Attorney
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007
        Attn: **Richard Cooper, Esq.**
        Assistant United States Attorney

Defendant Andre Calix respectfully submits this reply in further support of his pretrial motion to dismiss Count Nine of the Indictment and to suppress evidence. For the reasons described below and in Mr. Calix's moving papers, the Court should grant defendant's motions.

## I. The Court Should Dismiss Count Nine and Hold That Mr. Calix is Not Subject to the Enhanced Penalties of § 924(e)

Count Nine charges Mr. Calix under the Armed Career Criminal Act (ACCA), which requires that the government prove three prior convictions for either a "violent felony" or a "serious drug offense." *See* 18 U.S.C. § 924(e)(1). In its December 24, 2013 response (Gov't Br.), the government concedes that it has failed to plead three prior qualifying serious drug felonies in the current Indictment – specifically, the government agrees that Mr. Calix's 2005 New York conviction does *not* meet ACCA's definition of a serious drug offense.

Nonetheless, the government contends that Mr. Calix is subject to ACCA based on a different conviction, nowhere mentioned in the Indictment: a January 2000 New York conviction. The government is wrong again. This conviction does not meet ACCA's definition of a serious drug felony, and Mr. Calix is not subject to 18 U.S.C. § 924(e). Further, because these three prior qualifying felonies are facts which raise the statutory mandatory-minimum penalty, they must be plead in the Indictment, submitted to a jury and proven beyond a reasonable doubt. The Court should hold that Mr. Calix is not subject to ACCA and, regardless, the current Count Nine must be dismissed.

2

### A. Mr. Calix is Not Subject to ACCA

The government concedes that Mr. Calix's March 2005 conviction is not a serious drug felony within the meaning of ACCA.[1] Gov't Br. at 6-7. It therefore concedes that Count Nine currently states only two of the three necessary prior felony convictions.

In its response, however, the government claims that Mr. Calix has a different qualifying conviction omitted from the Indictment: a January 2000 conviction under New York Penal Law § 220.16 for Criminal Possession of a Controlled Substance, for which Mr. Calix received a sentence of four months' imprisonment and a term of probation. Gov't Br. at 7. Contrary to the government's claims, this also does not qualify as a serious drug felony under ACCA because the offense carries a statutory maximum penalty of less than 10 years.

Under New York Penal Law § 70.70, the maximum sentence for a New York B Felony drug offense such as Mr. Calix's January 2000 conviction is nine years' imprisonment. *See* N.Y. Penal Law § 70.70(2)(a)(i). Under current law, there is no question that this conviction would not qualify as a serious drug felony under ACCA.

Relying on *McNeill v. United States*, 131 S. Ct. 2218 (2011), the government argues that Mr. Calix is nonetheless subject to ACCA because at the time of his 2000 conviction the statutory maximum penalty was 25 years. Gov't Br. at 7. However, the Honorable Paul A. Crotty recently rejected nearly the identical argument by the government based on a careful reading of *McNeill*. *See United States v. Alonzo Jackson*, 13 Cr. 142 (PAC) (S.D.N.Y. Sep. 4, 2013), attached as <u>Exhibit A</u>. This Court should follow Judge Crotty's opinion.

---

[1] For avoidance of confusion, please note that the Government's Brief at 5 includes two incorrect conviction dates, and does not match the dates actually set forth in the Indictment.

3

Like the defendant in *Jackson*, Mr. Calix's case presents an issue expressly not addressed by the Supreme Court in *McNeill*. In *McNeill*, the Supreme Court ruled that district courts should generally consider the maximum penalties in place at the time of a defendant's prior conviction when determining whether the conviction qualifies as a serious drug offense under ACCA. *McNeill*, 131 S. Ct. at 2220. *McNeill* addressed a specific factual scenario where a reduction in the maximum applicable penalties for certain North Carolina state crimes had not been made retroactive. That is, even if the defendant there had been convicted of his earlier crimes following the reduction in maximum penalties, he still would have been subject to the same ten-year maximum sentence. *Id.* at 2221.

The Supreme Court made clear that it did not intend its holding to apply more broadly to cases where a state lowers its maximum penalty for a particular offense and "makes that reduction available to defendants previously convicted and sentenced for that offense." *Id.* at 2224, n.1. That is the situation in Mr. Calix's case.

Unlike the North Carolina State laws at issue in *McNeill*, New York's reduced statutory maximums for B Felony drug offenses have been made available to defendants previously convicted and sentenced for those offenses. In the last several years, New York has sought to reform its so-called Rockefeller drug laws. Through a series of amendments to the New York Penal and Criminal Procedure law, the legislature has implemented statutory changes "designed to ameliorate the harsh sentences previously mandated for non-violent drug offenders." *New York v. Danton*, 27 Misc. 3d 638, 643 (N.Y. Sup. Ct. 2010).

Initial change came with the Drug Law Reform Act of 2004 (DLRA). *Id.* The legislature took further ameliorative steps in 2005 and 2009. *Id.* In particular, through the

4

2009 DLRA these remedial provisions and reduced sentences were made available to individuals convicted of Class B felonies even prior to 2009. *Id.* In sum, the New York legislature reduced the maximum penalties for such felonies and made those reduced penalties available even to those previously convicted and sentenced.

As a result, Mr. Calix's case is not actually governed by *McNeill*. *See Jackson*, 13 Cr. 142 (PAC), at 5-10 (explaining why, even following *McNeill*, New York B Felony drug conviction is not a serious offense under ACCA). For all of the reasons discussed by Judge Crotty in *United States v. Alonzo Jackson*, this Court should hold that ACCA does not apply to Mr. Calix, who does not have three qualifying prior serious drug felonies.

### B. Count Nine Should Be Dismissed

In addition, the Court should dismiss Count Nine against Mr. Calix because the government concedes that it fails to state a violation of ACCA.

Based exclusively on pre-2013 court decisions, the government argues that there is no constitutional requirement that a defendant be given notice in the Indictment that he is subject to ACCA's mandatory minimum sentence or that the qualifying predicate felonies be included in the Indictment. *See* Gov't Br. at 6. The validity of the precedent relied upon by the government is critically undermined by the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and proven beyond a reasonable doubt. 133 S. Ct. 2151, 2155 (2013). Writing for the Court, Justice Thomas did not state any special exception for the fact of a prior conviction.

5

In a footnote, Justice Thomas referenced *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which exempted prior convictions from this general requirement. This is a pre-*Apprendi v. New Jersey*, 530 U.S. 466 (2000), decision whose continuing validity has been repeatedly questioned by members of the Court. *See, e.g., Rangel-Reyes v. United States*, 547 U.S. 1200 (2006) (Thomas, J., dissenting from denial of certiorari). In *Alleyne*, the Court noted that neither side had raised the question of overruling *Almendarez-Torres*, and therefore the case was not being revisited at that time. *Alleyne*, 133 S. Ct. at 2160, n.1.

In light of *Apprendi* and its progeny, and the plain language of the Supreme Court's most recent decision in *Alleyne* – the repeated statement that *any* fact which raises the mandatory minimum penalty is an "element" and the Court's refusal to specifically exempt prior convictions – this Court should find that Count Nine fails to state all of the necessary elements of the charged offense and Count Nine should be dismissed.

## II. The Court Should Conduct an Evidentiary Hearing and Then Suppress Evidence and Statements Unlawfully Obtained From Mr. Calix

The government has agreed that the Court should conduct an evidentiary hearing on Mr. Calix's motion to suppress. Gov't Br. at 1, 3. Defendant expects that this hearing will show that physical evidence and statements were unlawfully obtained, as described in Mr. Calix's moving brief. Defendant respectfully requests the opportunity to submit additional legal briefing following a hearing, if necessary.

## III. Conclusion

For the reasons detailed above and in defendant's moving brief, the Court should dismiss Count Nine, rule that Mr. Calix is not subject to ACCA, and suppress evidence.

Dated: New York, New York
December 31, 2013

Respectfully submitted,
Federal Defenders of New York

By: /s/ Sarah Baumgartel
Sarah Baumgartel, Esq.
Assistant Federal Defender
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8772