UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE CALIX,<br><br>                    Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendants. | No. 20 Civ. 09680 (LAP) |
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>ANDRE CALIX,<br><br>                    Defendants. | No. 13 Cr. 00582 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

The Court is in receipt of the following documents: (1) Defendant's motion for certificate of appealability ("COA"), (Mot. for COA, dated Nov. 18, 2024 [dkt. no. 30]) and motion to disqualify, (Mot. to Disqualify, dated Nov. 25, 2024 [dkt. no. 32]); and (2) the Government's opposition, (Opp., dated Jan. 6, 2025 [dkt. no. 34]).  For the reasons set forth below, Defendant's motions are DENIED.

---

[1] All citations are to 20 Civ. 09680 unless otherwise specified.

I. **Background**

The Court assumes familiarity with the underlying facts of this case.

On October 31, 2024, the Court denied Defendant's bail motion pending his habeas proceedings, (dkt. no. 29). On November 18, 2024, Defendant filed the instant motion for a COA from the Court's October 31, 2024 order so that the Court of Appeals "could resolve the bail issues considered by this Court in a different manner." (Mot. for COA at 1.) That same day, Defendant filed an appeal from the Court's order denying bail pending resolution of his motion for reconsideration, (dkt. no. 31).

On November 25, 2024, Defendant filed the instant motion to disqualify the Court pursuant to 28 U.S.C. § 455(a) because "an objective assessment of the facts would give the appearance to a reasonable person that Judge Loretta A. Preska has an interest in this case or that her impartiality may be questioned." (Mot. to Disqualify at 1.)

II. **Discussion**

   a. **Motion for a Certificate of Appealability**

Defendant moves for a COA from this Court's October 31, 2024 order denying his motion for bail pending resolution of his motion for reconsideration of the Court's order denying his habeas motion, (id.).

A habeas petitioner does not need a COA for an appeal from a bail motion in a case arising under 28 U.S.C. § 2255. Illarramendi v. United States, 906 F.3d 268, 270 (2d Cir. 2018) ("[W]e hold that a COA is not required when appealing from orders in a habeas proceeding that are collateral to the merits of the habeas claim itself, including the denial of bail.  Thus, in this case, the absence of a COA was not a bar to [the petitioner's] appeal from the district court's order denying his motion for supervised release or bail pending resolution of his habeas petition.").

In fact, Defendant has already filed an appeal from the Court's order denying bail pending resolution of his motion for reconsideration, (dkt. no. 31).

Accordingly, Defendant's motion is DENIED.

### b. Motion to Disqualify

Defendant also seeks to disqualify the Court from this case.

28 U.S.C. § 455 outlines when a judge "shall disqualify himself."  Specifically, Section 455(a) states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Adverse rulings, standing alone, do not establish judicial bias or prejudice, nor create a reasonable question of judicial impartiality."  United States v. Schwartz, 535 F.2d 160, 165 (2d Cir. 1976).

3

Defendant's motion rests solely on the fact that the Court made several adverse rulings against him over the course of the case. First, Defendant continues to take issue with the Court's prior rulings continuing the trial date to allow the completion of competency proceedings, which ultimately resulted in a finding that Defendant was competent to stand trial. Those decisions in no way suggest that the Court had any judicial bias against Defendant. Further, the Court of Appeals addressed these issues on Defendant's direct appeal from his conviction and held that "there was no speedy trial violation" arising from the various pretrial delays and that it was "not an abuse of discretion" for the Court ultimately to determine that Defendant was competent to stand trial at the conclusion of the competency proceedings. United States v. Calix, 787 Fed. Appx. 4, 6-7 (2d Cir. 2019).

Defendant also argues that recusal is warranted because he filed a lawsuit against the Court in 2016. (Mot. to Disqualify at 4-8.) But this Court has already ruled on that exact argument and determined that recusal was not warranted. (Transcript of Oct. 31, 2016 Conference at 8-9 [dkt. no. 82 in 13 Cr. 00582].) Moreover, Defendant did not appeal that ruling in his direct appeal from his conviction. Additionally, Defendant identifies no cogent or compelling reason to revisit the Court's decision not to recuse due to Defendant's frivolous filings.

4

Lastly, this Court has deep familiarity with this case, having presided over extensive pretrial proceedings, a jury trial, and extensive post-trial litigation.  There is a strong judicial efficiency interest in having a judge who is already familiar with a case continue to preside over it.  United States v. Garcia, 413 F.3d 201, 227 (2d Cir. 2005) (noting that "the original sentencing judge, already familiar with the case, can most efficiently supervise" subsequent proceedings such as a resentencing).

Accordingly, recusal is not warranted, and therefore the motion is DENIED.

### III. Conclusion

For the reasons set forth above, Defendant's motions are DENIED.  The Clerk of the Court is directed to close dkt. nos. 30 and 32 in 20 Civ. 09680 and dkt. no. 175 in 13 Cr. 00582.

**SO ORDERED.**

Dated:    May 14, 2025
          New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge