UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRE CALIX,

                    Petitioner,

          -v.-


UNITED STATES OF AMERICA,

                    Respondent.

---

20 Civ. 9680 (LAP)
13 Cr. 0582 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Petitioner Andre Calix's pro se motion to reconsider the Court's December 15, 2022 Memorandum and Order ((the "December 15 Order"), [dkt. no. 155])[1] denying his motion to vacate, set aside or correct his sentence, (the "Motion").[2]  The Government opposes this motion.[3]  For the reasons set out below, the Motion is DENIED.

I.   **Background**

     **a. Factual Background**

     Between June 3, 2013 and July 18, 2013, Petitioner committed a series of bank robberies in New York. (See Revised Presentence Investigation Report ("PSR"), dated Dec. 8, 2017 [dkt. no. 124] ¶¶ 15-23.)

---

[1] References to the docket refer to the original criminal docket, United States of America v. Andre Calix, No. 13 Cr. 00582.
[2] (Mot., dated Jan. 9, 2023, [dkt. no. 156].)
[3] (Gov't Opp'n, dated Oct. 9, 2023 [dkt. no. 159].)

On July 8, 2013, during one of the robberies, Petitioner displayed a firearm to two of the bank tellers after one of them refused to comply with Petitioner's demands. (See id. ¶¶ 20-21.) On July 18, 2013, Petitioner was arrested at his apartment, and officers recovered the firearm used in the July 8, 2013 robbery. (See id. ¶ 23.)

### b. Procedural History

#### i. Indictment and Trial

On May 28, 2014, a grand jury returned a nine-count Superseding Indictment (the "Indictment"), charging Petitioner with (1) six counts of bank robbery in violation of 18 U.S.C. § 2113(a); (2) one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); (3) one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (4) one count of felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (See Superseding Indictment, dated May 28, 2014 [dkt. no. 26] ¶¶ 1-9.)

Trial began on September 11, 2017, and on September 19, 2017, the jury found Petitioner guilty on all counts. (See dkt. no. 109.) On June 20, 2018, the Court sentenced Petitioner to a term of 300 months' imprisonment. (See dkt. no. 138 at 3.)

### ii. Appeal

On June 21, 2018, Petitioner appealed his conviction and sentence.  United States v. Calix, 787 F. App'x 4, 5 (2d Cir. 2019).  Petitioner argued that (1) his statutory right to a speedy trial was violated twice before trial because of delays from his competency evaluation and the Government's request for an adjournment, (2) his Fifth Amendment due process right was violated because the Court failed to order a fourth competency evaluation, and (3) his Sixth Amendment right to an impartial jury was violated after the Court denied his request for a new venire panel after the jury heard Petitioner making noises from a nearby room.  (Id. at 5-6.)  The Court of Appeals found there was no manifest error and affirmed the conviction and sentence.  (Id. at 7.)

### iii. Petitioner's Motion to Vacate his Sentence

In a letter dated June 26, 2018, Petitioner filed his initial pro se habeas petition, moving to vacate and set aside his sentence under 28 U.S.C. § 2255.  (See dkt. no. 140.)  Petitioner challenged his sentence, arguing that (1) the fingerprint evidence presented at trial was inadmissible, and (2) he had been denied his due process rights because of his absence from pre-trial hearings. (Id.)  Given the timing, the Court denied this motion without prejudice because it was premature in light of the pending appeal. (See dkt. no. 141 at 2.)

On November 2, 2020, following the Court of Appeals' decision, Petitioner filed an amended motion to vacate his sentence under 28 U.S.C. § 2255. (See dkt. no. 148 at 4-35.) Petitioner's amended motion argued he was denied effective assistance when: (1) trial counsel suggested that Petitioner receive a third competency evaluation for a period of approximately ninety days where the statute allows such evaluation for no longer than thirty days,[4] (2) trial counsel failed to move to dismiss the indictment based on the alleged violation of Petitioner's Sixth Amendment right to a speedy trial and (3) appellate counsel's alleged conflict of interest impacted the decision not to raise the third competency evaluation issue on appeal. (Id. at 5, 14, 16.) The Court denied Petitioner's motion. (December 15 Order at 1, 12.)

First, the Court reasoned that trial counsel was not ineffective when he sought a trial adjournment for additional competency evaluations. (Id. at 12-13.) Given the importance of determining Petitioner's competency to stand trial and the asserted inaccuracies of previous competency findings the Court noted that it was "sound strategy" for trial counsel to seek an adjournment. (Id. at 14.) The Court found that counsel's representation was neither "unreasonable under prevailing

---

[4] This issue will be referred to as the "third competency evaluation issue" herewith.

professional norms" nor inconsistent with "sound strategy." (Id. at 12.)

Second, the Court reasoned that trial counsel was not ineffective in basing Petitioner's motion to dismiss on the Speedy Trial Act rather than the Speedy Trial Clause of the Constitution because Petitioner would have likely failed had counsel decided to move pursuant to the Speedy Trial Clause. (Id. at 14.)

Lastly, the Court rejected Petitioner's claim that appellate counsel was ineffective as a result of the alleged conflict of interest with trial counsel. (Id. at 18.)  Under the Strickland test, Petitioner must "affirmatively prove prejudice." Rodriguez v. United States, 10 Civ. 5259 (KTD), 2011 WL 4406339, at *2 (S.D.N.Y. Sept. 22, 2011).  The Court found that in the absence of prejudice, the appellate counsel's conduct did not amount to ineffective assistance. (See December 15 Order at 19.)

### c. Petitioner's Renewed Motion to Vacate Sentence

On January 9, 2023, Petitioner filed a pro se motion for reconsideration to vacate his conviction and sentence pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 60(b)(1) and, in the alternative Rule 59(e). (See Mot. at 1.)

First, Petitioner insists that the Court erred in its December 15 Order when it declined to consider whether the third competency examination order violated 18 U.S.C § 4247(b) because it found that trial counsel's representation was neither unreasonable nor

inconsistent with sound strategy. (Id. at 2.) Lastly, Petitioner suggested that this Court misapplied the Strickland factors in requiring Petitioner to prove prejudice, rather than assuming it. (Id. at 3.) On April 17, 2023, Petitioner subsequently moved for conditional bail pending the instant habeas proceedings. (Dkt. no. 157.)[5]

On November 6, 2023, Petitioner's counsel notified the Court that he had received Brady disclosures from the Government and requested the Court (1) hold Petitioner's pending § 2255 motion in abeyance until the Brady information was fully litigated and (2) to appoint Petitioner Criminal Justice Act ("CJA") counsel to handle such litigation.[6] (See dkt. no. 160 at 1.) The Court granted both requests. (See dkt. nos. 161, 177.)

Although Petitioner initially moved for reconsideration pursuant to Rule 60(b)(1), on June 3, 2024, CJA counsel asked the Court to construe the motion under Rule 59(e) in the alternative. (See dkt. no. 168 at 1-2.)

On May 30 and June 9, 2025, the Government and counsel for Petitioner informed the Court that counsel received the Brady discovery and Petitioner's motion for reconsideration of the

---

[5] On October 31, 2024, the Court denied Petitioner's motion for conditional bail. (See dkt. no. 174.)

[6] The Government's Brady disclosure contained materials relating to Detective Gerald Rex's trial testimony and his latent fingerprint analysis. (See dkt. no. 160 at 1.)

Court's December 15, 2022 Order was fully briefed.  (See dkt. nos. 179, 181.)[7]

## II.  **Legal Standard**

Motions made pro se must be construed liberally and to raise the strongest arguments that they suggest.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (establishing "that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'").  Although Petitioner initially moved for reconsideration pursuant to Rule 60(b)(1), the Court construes Petitioner's motion under Rules 60(b)(1) and (6) as well as Rule 59(e).

### a. Rule 60(b)

Granting a motion for reconsideration is within the "sound discretion" of the Court.  Colodney v. Continuum Health Partners, Inc., 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004); see also Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).  The Court must exercise its discretion "in the interests of finality and conservation of scarce judicial resources."  In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting Sikhs for Justice

---

[7] CJA counsel David Stern also informed the Court that he will be acting as Petitioner's legal adviser and Petitioner will be litigating pro se.  (See dkt. no 181.)

v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)); see also
Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)
(Relief standard is "strict" and will generally be denied absent
a showing that the court overlooked controlling decisions.).

28 U.S.C. § 2244 establishes finality for final judgments
except for limited circumstances.  Rule 60(b) provides that a court
may relieve a party from a final judgment for the following
reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4)
> the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment
> that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or (6) any other
> reason that justifies relief.

Fed. R. Civ. P. 60(b).

### i. Rule 60(b)(1)

A motion under Rule 60(b)(1) may be granted to remedy legal
errors by the Court.  United Airlines, Inc. v. Brien, 588 F.3d
158, 175 (2d Cir. 2009).  "To prevail on a Rule 60(b)(1) motion
based on mistake, the moving party must establish the court made
a 'material mistake that changed the outcome of the [C]ourt's
judgment.'"  Thatcher v. Lamanna, 17 Civ. 04540 (ALC), 2020 WL
1047087, at *2 (S.D.N.Y. Mar. 4, 2020) (citing Samuels v. United
States, 12 Civ. 7362 (RJS), 2017 WL 6624849, at *1 (S.D.N.Y. Oct.

11, 2017)).  A district court may reconsider a prior judgment in circumstances of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  A Rule 60(b) motion challenging the Court's substantive arguments and "quarrelling" with its analysis cannot be characterized as a "mistake" under Rule 60(b)(1).  Kelly v. United States, 09 Cr. 163 (DLC), 2013 WL 6061737, at *2 (S.D.N.Y. Nov. 18, 2013).  Rather, such petitions can only be brought under the "catchall" provision, Rule 60(b)(6).  (Id.)

### ii. Rule 60(b)(6)

A district court may grant a Rule 60(b)(6) motion for "any other reason that justifies relief." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).  Relief under Rule 60(b)(6) has been characterized as "extraordinary judicial relief" that is "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Gonzalez v. Crosby, 545 U.S. 524, 525 (2005) (Relief under Rule 60(b)(6) is appropriate only under "extraordinary circumstances.").

In assessing whether extraordinary circumstances exist, a court may consider a variety of factors, including, but not limited to, "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." Buck

v. Davis, 580 U.S. 100, 103 (2017) (internal quotation marks and citation omitted).  The Court has consistently held that a Rule 60(b) motion may not be used as "a substitute for appeal." United Airlines, Inc., 588 F.3d at 176.  Further, a petitioner's assertion that the district court reached the incorrect decision does not constitute "extraordinary circumstances." Mpala v. Gateway Cmty. Coll., 717 F. App'x 96, 97 (2d Cir. 2018).

The Court is not likely to grant a Rule 60(b) motion within the context of habeas petitions.  See United States v. Morales, 03 Civ. 4676 (LAP), 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008); see also Gonzalez, 545 U.S. at 535, 125 (Extraordinary circumstances are rarely found in the habeas context to preserve the finality of judgments).

### b. Rule 59(e)

Federal Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  "The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same." In re Facebook, Inc., 43 F. Supp. 3d at 373. Such standard is "strict," and the motion will generally be denied unless the moving party provides "controlling decisions or data that the court overlooked." (Id.)

III. **Discussion**

Petitioner argues that the Court erred in deciding not to vacate his sentence in light of his ineffective assistance of counsel claims under Rules 60(b)(1) and (6). (See Mot. at 3.) The Court addresses each argument in turn.

### a. Petitioner Fails to Show Mistake Warranting Reconsideration Under Rule 60(b)(1)

Petitioner's motion for reconsideration does not demonstrate any mistake of law in the Court's December 15 Order under Rule 60(b)(1). Instead, Petitioner claims that (1) trial counsel's pursuit of a third competency evaluation was unreasonable because it jeopardized Petitioner's liberty interests and (2) appellate counsel's conflict of interest with trial counsel made him unable to bring a meritorious claim. (Id. at 11-13.) Petitioner argues that the unreliability of these proceedings prejudiced Petitioner and thus warrants a dismissal of the indictment. (Id. at 14.) The Court disagrees for the same reasons provided in its December 15 Order denying Petitioner's Section 2255 motion.

Petitioner has requested that the Court vacate his sentence on three separate occasions: (1) Petitioner's June 26, 2018 motion, (dkt. no. 140); (2) Petitioner's November 2, 2020 motion, (dkt. no. 148); and (3) Petitioner's January 9, 2023 motion for reconsideration, (Mot. at 1). The Court shall not grant a motion to reconsider where Petitioner seeks to relitigate issues already

decided.  See Shrader, 70 F.3d 255 at 257; see also In re Facebook, Inc, 43 F. Supp. 3d at 373 (A party seeking reconsideration may not repeat "arguments already briefed, considered and decided," nor "advance new facts, issues or arguments not previously presented to the Court.").  Petitioner's present motion advances the same ineffective assistance of counsel challenges that were already considered and rejected.

First, Petitioner argues that the delay resulting from counsel's request for a third competency examination amounted to ineffective assistance because it violated Petitioner's right to a speedy trial.  (See dkt. no. 156 at 9.)  Petitioner asserts that this Court erred when it failed to consider whether trial counsel's request for further commitment "comport[ed] with the reasonable time limitations of due process," as required by United States v. Magassouba, 544 F.3d 387, 416 (2d Cir. 2008).  The Court reiterates its prior reasoning that counsel's representation was neither 'unreasonable under prevailing professional norms' nor inconsistent with 'sound strategy'."  (December 15 Order at 12-13 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).)

Second, Petitioner argues that the Court erred in declining to address whether appellate counsel had an actual conflict of interest.  (Mot. at 13.)  In the Court's December 15 Order, the Court applied the Strickland factors finding that Petitioner needed to "affirmatively prove prejudice" from the ineffective

assistance.    (December  15  Order  at  18.)    <u>Rodriguez  v.  United
States</u>, 10 Civ. 5259 (KTD), 2011 WL 4406339, at *2 (S.D.N.Y. Sept.
22, 2011).  Petitioner asserts that he does not bear the burden in
demonstrating prejudice but rather that prejudice is presumed.
(Mot. at 13.)  This assertion, however, misstates <u>United States v.
Levy</u>, 25 F.3d 146, 155 (2d Cir. 1994), which holds that "prejudice
is presumed when a defendant establishes that her attorney had an
actual conflict of interest <u>that adversely affected the attorney's
performance</u>."  (Emphasis added).  Petitioner has not demonstrated
that  appellant  counsel's  purported  conflict  affected  his
performance.  As held in the December 15 Order, the Court maintains
that Petitioner was not prejudiced by appellate counsel's failure
to raise the ninety-day period for the third competency evaluation
as a basis to claim that trial counsel was ineffective.  (December
15 Order at 18.)  Given the importance of an accurate competency
finding, this argument would have failed on appeal and once again
fails here.

Petitioner has failed to demonstrate any mistake under Rule
60(b)(1).  Rather, Petitioner disagrees with the Court's ruling
and analysis of his § 2255 motion to vacate which is not a "mistake"
under Rule 60(b)(1).  <u>Kelly</u>, 2013 WL 6061737, at *2.

### b. Petitioner Fails to Show Extraordinary Circumstances Warranting Reconsideration Under Rule 60(b)(6)

The Court also finds no extraordinary circumstances warranting relief under the "catchall" category of Rule 60(b)(6). Id. The Court has been consistent that reconsideration shall only be available in situations of "exceptional circumstances." Nemaizer, 793 F.2d at 61 (2d Cir. 1986). In determining whether extraordinary circumstances exist the Court must consider a wide range of factors including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." Buck, 580 U.S. at 103. No such circumstances are present in this case.

There is no apparent risk of injustice in declining to reconsider the Court's reasoning in its December 15 Order. Petitioner provides the Court no new facts, circumstances, or changes in controlling law that might amount to extraordinary circumstances. Instead, Petitioner's January 9, 2023 motion to reconsider (dkt. no. 156) seeks to relitigate the same points set forth in his amended motion to vacate. (See dkt. no. 148). Petitioner asserts the same two claims that (1) trial counsel's representation led to a violation of his statutory right to a speedy trial and (2) appellate counsel's alleged conflict of interest impacted the decision not to raise the third competency evaluation issue on appeal. (Id. at 20, 29.)

14

Petitioner's disagreement with the Court's reasoning in its December 15 Order does not allow a departure from its final judgment. A mere assertion that the district court incorrectly decided an issue does not generally qualify as "extraordinary circumstance." Mpala, 717 F. App'x at 97. Accordingly, Petitioner fails to show any extraordinary circumstance that would warrant relief under Rule 60(b)(6).

### c. Petitioner Fails to Show Extraordinary Circumstances Warrant Relief Under Rule 59(e)

Petitioner also moves for reconsideration under Rule 59(e). (Dkt. no. 168.) Petitioner gains no ground under this alternative theory because "[t]he standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same." In re Facebook, Inc., 43 F. Supp. 3d 369 at 373, aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016). Thus, for the same reasons stated above, supra Sections III.a-b, Petitioner fails to show any extraordinary circumstance that would warrant relief under Rule 59(e).

## IV. Conclusion

For the foregoing reasons, Petitioner's motion for reconsideration of the Court's December 15 Order is DENIED.

A certificate of appealability shall not be granted, as Petitioner has failed to make a substantial showing of a denial of a federal right. See Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir.

2013).  The Court certifies under 28 U.S.C. § 21915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court shall close dkt. no. 156 in 13 Cr. 582 and dkt. no. 11 in 20 Civ. 9680 and mail a copy of this Order to Petitioner.

**SO ORDERED.**

Dated:     July 7, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge