UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        :     **FINAL ORDER OF FORFEITURE**

          -v.-                     :     S1 13 Cr. 582 (LAP)

ANDRE CALIX,                   :
     a/k/a "John Doe 1",         :
     a/k/a "Greg Bernard",      :

            Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about December 1, 2025, this Court entered a Preliminary Order

of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (D.E. 186), which ordered the

forfeiture to the United States of all right, title and interest of ANDRE CALIX (the "Defendant")

in the following property:

> a. A check in the amount of $1,813.00 in United States currency, seized from the
>    Defendant on or about July 18, 2013

(the "Substitute Asset");

WHEREAS, the Substitute Asset Order directed the United States to publish, for at

least thirty (30) consecutive days, notice of the Substitute Asset Order, notice of the United States'

intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal

interest in the Substitute Asset must file a petition with the Court in accordance with the

requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section

853(n), the United States could, to the extent practicable, provide direct written notice to any

person known to have an alleged interest in the Substitute Asset and as a substitute for published

notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on December 6, 2025, for thirty (30) consecutive days, through January 4, 2026, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on February 27, 2026 (D.E. 187);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Asset have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Substitute Asset; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Substitute Asset is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Asset.

3.      The United States Marshals Service (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).


Dated: New York, New York
        March 19, 2026

                                        SO ORDERED:

                                        _____
                                        HONORABLE LORETTA A. PRESKA
                                        UNITED STATES DISTRICT JUDGE


3