UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ANDRE CALIX, | |
| Petitioner, | |
| -against- | No. 20 Civ. 09680 (LAP) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| -against- | No. 13 Cr. 00582 (LAP) |
| ANDRE CALIX, | ORDER |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Petitioner Andre Calix's pro se motion (Dkt. 39)[1] seeking to authorize an untimely appeal of this Court's July 7, 2025 Order denying reconsideration (the "Reconsideration Decision") and underlying denial of Petitioner's Section 2255 motion. The Court liberally construes this as a request for the Court to reopen Petitioner's appeal window under Fed. R. App. P. 4(a)(6). For the reasons that follow, Petitioner's motion is DENIED.

## BACKGROUND

After Petitioner was convicted of a series of armed bank robberies, this Court sentenced Petitioner to a term of 300 months imprisonment. The Court of Appeals affirmed Petitioner's

---

[1] Unless otherwise stated, all docket references refer to Petitioner's civil action, No. 20-CV-9680.

conviction and sentence.  United States v. Calix, 787 F. App'x 4, 5 (2d Cir. 2019).  Following the Court of Appeals' decision, Petitioner filed an amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The Court denied that motion on December 15, 2022.  (No. 13-CR-582, Dkt. 155 (the "December 2022 Order")).[2]

In January 2023, Petitioner again filed a pro se motion seeking reconsideration of the December 2022 Order.  Before the Court could rule on that reconsideration motion, however, on November 6, 2023, Petitioner's former counsel at the Federal Defenders asked that the Court hold the reconsideration motion in abeyance pending additional discovery from the Government.  (Dkt. 16.)  The Federal Defenders also asked that the Court appoint new CJA counsel to represent Petitioner due to Petitioner's claims of ineffective assistance from the Federal Defenders.  Although Petitioner was not entitled to representation in his habeas petition, the Court nonetheless appointed CJA counsel from Wachtell, Lipton, Rosen, and Katz ("Wachtell") to replace the Federal Defenders and serve as counsel to Petitioner.  (Id.)

Shortly after Wachtell was appointed as counsel, however, Petitioner filed a frivolous bar complaint against Wachtell, (Dkt. 22), thus creating adversity and forcing Wachtell to withdraw as counsel.  (Id.)  Following Wachtell's withdrawal, on June 20, 2024,

---

[2] The December 2022 Order was docketed in Petitioner's criminal case, but was not cross-docketed in the 20-CV-9680 case.

the Court appointed yet another CJA lawyer, David Stern, to replace Wachtell as counsel of record.  But Mr. Stern proved equally unacceptable to Petitioner.  On July 31, 2024, Mr. Stern requested to withdraw as counsel and informed the Court as follows:

> I have had two lengthy telephone conversations with Mr. Calix which leave me, and I believe him, convinced that I cannot effectively represent him. Mr. Calix, as is his right, declines to waive his attorney client privilege to allow me to explain to the Court why I reach this conclusion.  Suffice it to say that I do not believe that I am able to gain his trust, or to convince him that I will act in his best interest. <u>I therefore ask that Your Honor assign a different attorney to represent Mr. Calix who may be able to accomplish what Mr. Calix wants in the way he wants it done</u>.

(Dkt. 24 (emphasis added).)  In a subsequent August 5, 2024 Order, the Court gave Petitioner one final chance to receive a CJA-appointed lawyer for his habeas petition, stating that:

> Mr. Calix shall inform the Court no later than August 26, 2024 if he wishes one final CJA lawyer appointed. Mr. Calix is cautioned, however, that if he requests counsel, this will be the last one appointed to represent him. Litigants may not abuse the privilege of having CJA counsel appointed to conduct post-conviction proceedings.

(Dkt. 25 at 2.)

Far from requesting new counsel, Petitioner responded in a letter to this Court that he took "no position with regard to the Court's discretion to appoint another CJA lawyer."  (Dkt. 27.) The Court understood this to mean that Petitioner did not seek new CJA counsel for his habeas petition and would instead proceed <u>pro se</u>.  The Court's understanding was confirmed by Mr. Stern's June 9, 2025 letter confirming that Petitioner's <u>pro se</u> reconsideration

motion was fully briefed and that "Mr. Calix and I have agreed that I will continue to act as his legal adviser, but Mr. Calix will make all decisions regarding his case and file any motions he deems appropriate after taking into account whatever advice I provide."  (No. 13-CR-582, Dkt. 181 at 1) (emphasis added).[3]

On July 7, 2025, the Court issued the Reconsideration Decision, which the Clerk of Court mailed to Petitioner on the same day.  On December 30, 2025, Petitioner postmarked a Notice of Appeal for both the December 2022 Order and the Reconsideration Decision.  (Dkt. 39 at 13.)  Petitioner included a motion to reopen his appeal window.  (Id. at 2.)

### LEGAL STANDARD

A notice of appeal must be filed within sixty days after entry of an order where, as here, the United States is a party.  Fed. R. App. P. 4(a)(1)(B)(I).  "The taking of an appeal within the prescribed time is mandatory and jurisdictional," In re WorldCom, Inc., 708 F.3d 327, 329 (2d Cir. 2013), and a district court's ability to extend deadlines to authorize untimely appeals is "severely circumscribed," Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 364 (2d Cir. 2003).  Under Rule 4(a)(6), however, a district court has limited power to authorize an untimely appeal if the following conditions are satisfied:

---

[3] Perhaps due to his status as a "legal adviser" to Petitioner, Mr. Stern remains listed as counsel on the docket.  Petitioner, however, has continued to file all relevant submissions (including the instant motion) pro se.

(A)   the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)   the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C)   the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  Even if all requirements are satisfied, a district court has discretion to deny the motion consistent with the due regard for the "'sanctity of final judgments' that the limitations on Rule 4(a) relief protect."  <u>WorldCom</u>, 708 F.3d at 341 (citation omitted).

## **DISCUSSION**

### a. **Rule 4(a)(6) Requirements**

Petitioner argues that the Court should authorize Petitioner's untimely appeal under Rule 4(a)(6) because, notwithstanding Petitioner's <u>pro se</u> conduct of this litigation, Mr. Stern failed to advise Petitioner of the Reconsideration Decision.  Accordingly, Petitioner asserts that he was not properly noticed of the Court's Reconsideration Decision within 21 days of entry and is therefore eligible for a Rule 4(a)(6) extension.

The Court rejects Petitioner's attempts to blame Mr. Stern for Petitioner's <u>pro se</u> failures.  The docket is clear that Petitioner intended to proceed <u>pro se</u> in litigating the Reconsideration Motion and was therefore responsible for complying

with any appellate deadlines.  In a typical pro se litigation, that would be the end of the matter.  The only difference here is that Mr. Stern, in a commendable attempt to assist Petitioner, remained available to Petitioner as a "legal adviser."  Thus, although Mr. Stern remained listed as counsel on the docket, Petitioner continued to file documents directly and litigate this case pro se.

As with all pro se litigants, Petitioner was mailed a copy of the Court's Reconsideration Decision the same day it was entered, as noted by the Clerk of Court.  (No. 13-CR-582, Dkt. 182.)  And where, as here, "the docket shows that a judgment was mailed by the Clerk of the Court to a party and there is no evidence that the mailing was returned to the Clerk by the post office, there is a presumption of receipt."  Cordon v. Greiner, 274 F. Supp. 2d 434, 442 (S.D.N.Y. 2003).  Accordingly, the Court finds that Petitioner is ineligible for a Rule 4(a)(6) extension.

**b. Discretionary Considerations**

Even if Petitioner did satisfy the Rule 4(a)(6) requirements, the Court would independently "exercise its discretion to deny a motion to reopen time to appeal."  Stoncor Grp., Inc. v. Peerless Ins. Co., 2022 WL 18493118, at *2 (S.D.N.Y. Dec. 9, 2022) (Kaplan, J.).  As part of that discretionary inquiry, "the Second Circuit has placed particular emphasis on whether the moving party was at fault for his or her failure to file an appeal within the required

6

time." Ramirez v. Comm'r of Soc. Sec., 2019 WL 6213176, at *3 (S.D.N.Y. Nov. 21, 2019).

The Court finds that to be the case here. To the extent that Petitioner did not receive notice of the Reconsideration Decision, that lack of notice would be attributable to the confusion that Petitioner himself created for both the Clerk of Court and Mr. Stern. Petitioner filed all of his motions pro se (which he could of course only do if he was unrepresented) while at the same time claiming to keep Mr. Stern at arm's length in an advisory capacity. Mr. Stern would have been entirely within his rights to assume that Petitioner was monitoring the docket and updating his address with the Clerk of Court as any pro se litigant must, Gulifield v. Miller, No. 18-CV-2411 (CS), 2023 WL 8701242, at *1 (S.D.N.Y. Dec. 15, 2023), and as Petitioner was explicitly reminded via the habeas package that was mailed to him, (dkt. 4 at 2 ("If your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody")). In short, to the extent that Petitioner did not receive the Court's Reconsideration Decision, that falls on Petitioner, not the Clerk of Court or Mr. Stern.

Accordingly, based on the full record before it, the Court would independently exercise its discretion to decline relief under Rule 4(a)(6).

## Conclusion

For the reasons set forth above, Petitioner's motion is DENIED. A certificate of appealability shall not be granted, as Petitioner has failed to make a substantial showing of a denial of a constitutional right. See Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). The Court also certifies under 28 U.S.C. § 21915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court shall close all open docket numbers in 13-CR-582 and 20-CV-9680 and mail a copy of this Order to Petitioner.

    **SO ORDERED.**

Dated:    May 6, 2026
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

8